# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

PHILLIP FARRIS, Sr.,

    Plaintiff,

    v.                            Case No. 22-CV-9

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Phillip Farris, Sr., who is representing himself, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claims for a period of disability and disability insurance benefits and for supplemental security income under the Social Security Act, 42 U.S.C. § 405(g). (Docket # 1.) The Commissioner has moved to dismiss Farris' complaint as untimely. (Docket # 10.)

Pursuant to 20 C.F.R. § 422.210(c), a claimant has sixty days after the Appeals Council's notice of denial of request for review to file a civil action. The date of receipt of the notice is presumed to be five days after the date of the Appeals Council's notice. *Id.* However, "the 60–day requirement is not jurisdictional, but rather constitutes a period of limitations," *Bowen v. City of New York*, 476 U.S. 467, 478 (1986), (citations omitted), which is subject to equitable tolling, *id.* at 480–81. Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be excused if he can show that he was prevented from filing by extraordinary circumstances beyond his control. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In this case, the Appeals Council denied Farris' request for review on May 21, 2020 (Declaration of Christianne Voegele ("Voegele Decl.") ¶ 3, Ex. 2, Docket # 11-1.) A copy of this notice was mailed to Farris' address. (*Id.*) Again, the date of receipt of the notice is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made. 20 CFR. § 422.210(c). In other words, Farris had sixty-five days from May 21, 2020 in which to file his complaint in this court, which would have been Saturday, July 25, 2020. Given Saturday is a day the clerk's office is closed, Farris would have had until Monday, July 27, 2020 to file his complaint in federal court. Fed. R. Civ. P. 6(a)(1)(C). Farris did not file his complaint until January 4, 2022. (Docket # 1.)

Courts strictly construe the statute of limitations in Social Security appeals and "[e]ven one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late). In this case, however, Farris' complaint is nearly a year and a half late. Under these circumstances, I must find that Farris' complaint was untimely filed.

There is one final consideration. Even though Farris' complaint was untimely filed, because the sixty-day requirement is not jurisdictional, it is subject to equitable tolling. *Bowen*, 476 U.S. at 478, 480–81. Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be excused if he can show that he was prevented from filing by extraordinary circumstances beyond his control. *Pace*, 544 U.S. at 418. Farris does not attempt to establish that equitable tolling applies in his case. Rather, Farris responded to the Commissioner's motion with two documents: (1) a note, presumably from one of his medical providers, dated July 20, 2018 that states "no working due to medical condition until

2

further notice," and (2) a list of his medications. (Docket # 13.) Neither of these documents explain why he was prevented from timely filing his civil action in federal court. As such, because Farris' complaint is untimely and he has not shown equitable tolling excuses the untimeliness, the Commissioner's motion to dismiss Farris' complaint as untimely will be granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's Motion to Dismiss (Docket # 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of April, 2022.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge